IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 06-285 |
| KAREEM MILLHOUSE | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                         **March 7, 2022**

      Defendant Kareem Millhouse, in handwritten, pro se filings entered on September 30, 2021, October 18, 2021, and January 21, 2022,[1] again seeks emergency compassionate release from his 894 month sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Millhouse contends that extraordinary and compelling circumstances are presented in his case as a result of the alleged failure of the Bureau of Prisons to protect him from exposure to COVID-19. Because Millhouse raises the same arguments as were presented in his previous motion to reduce sentence and the Court finds no reason to now rule otherwise, his renewed requests will be summarily denied.[2]

---

[1] These filings are docketed on ECF at Nos. 303, 309 and 310.

[2] On May 26, 2020, Millhouse first filed a "Motion Under 3582(c)(1)(A)" in which he claimed to be "at an increased risk of being infected with the Covid-19 virus…" because he "is middle age with diagnosed pre-existing conditions including respiratory, … cardiovascular disease, asthma, hypertension, endocrine/Lipid, pulmonary etc." ECF No. 236. Millhouse thereafter filed a number of supplements/supplemental briefs to and in support of this motion on May 29, 2020, July 20, 2020, July 24, 2020, August 6, 2020, as well as numerous exhibits and responses to briefing by the Government. The Court considered and addressed all of these in its Memorandum of November 18, 2020, denying Millhouse relief because his medical conditions did not place him at high risk for serious disease or death from COVID-19 and because he remains a danger to the community. Millhouse appealed this decision to the Third Circuit, which affirmed it on February 9, 2022.

**BACKGROUND**

Beginning on March 28, 2006, and ending on May 18, 2006, Millhouse engaged in a series of increasingly violent robberies throughout the City of Philadelphia. In all, Millhouse participated in six robberies[3], four with a co-defendant, Terrence Hawkins, and two in which he was the lone actor. In addition to brandishing a firearm in three of the robberies, Millhouse fired shots on a Citizens Bank in the last one. Following a five-day jury trial in March 2007, Millhouse was convicted of three counts of bank robbery, two counts of armed bank robbery, one count of Hobbs Act robbery and aiding and abetting, and three counts of using a firearm during a crime of violence.[4] He was subsequently sentenced in December 2007 to a total of 894 months' imprisonment to be followed by five years of supervised release, and ordered to pay restitution in the amount of $22,097.02 and a special assessment of $900.00. Millhouse appealed and his judgment of conviction was affirmed by the Third Circuit on October 23, 2009.

As noted, this is Millhouse's second attempt to secure compassionate release because of the COVID-19 pandemic. Although acknowledging he is fully vaccinated against the disease, Millhouse continues to insist that he is at risk as a result of the purported failure on the part of the Bureau of Prisons to protect him against the virus and claims to have been "badly sick from August 19, 2021 until 9/8/21." Def.'s Emer. Mot. for Comp. Rel., 1, ECF No. 303. He further complains that he was quarantined in September, 2021 and that prison staff is not following COVID protocols. Def.'s Emer. Mot. for Comp. Rel., 1-2, ECF No. 309; Def.'s Pro Se Mot. for Comp. Rel., 1, ECF No. 310. In opposing Millhouse's motion, the Government submits there has been

---

[3] Specifically, five banks/credit unions and one Wine and Spirits Store were robbed.

[4] Defendant was convicted of these offenses under 18 U.S.C. § 2113(a), § 2113(d), § 1951(a), (b)(1), (3), § 2, and § 924(c).

no change in Millhouse's medical status since this Court issued its prior rulings, with the exception that he received two doses of the Pfizer COVID-19 vaccine on August 17 and September 8, 2021.

**DISCUSSION**

Millhouse is incarcerated at USP Coleman I, a high-security penitentiary located in Sumterville, Florida. This facility currently houses 1,384 male inmates. Presently, USP Coleman I is operating at Operations Level 3, which is the most restrictive under the BOP COVID-19 protocols, requiring enhanced and frequent cleaning of all areas, masking of all inmates and staff, and daily symptom checks of any and all inmates and staff leaving and re-entering the facility. Normal operations and all visits have been suspended until further notice. So far, 846 staff and 5,159 inmates have been fully inoculated against COVID-19 at USP Coleman I, not including any additional booster shots which have been given. www.bop.gov/coronavirus. At present, there are four inmates and four staff members who are positive for COVID-19. Since the pandemic's outbreak, 130 inmates and 137 staff have tested positive, but there have been no deaths. www.bop.gov/coronavirus.

The CDC has stated there are a number of medical conditions which put people at greater risk of adverse outcomes from COVID-19. These include: cancer; chronic kidney, liver and lung diseases; diabetes; heart conditions like heart failure, coronary artery disease, cardiomyopathies, and possibly hypertension; having an immune-compromised state/weakened immune system; and obesity. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Millhouse's medical records reflect he has a long history of chronic lower back, nerve, ankle and knee pain for which he has been prescribed a number of different medications over the years including Lyrica, Carbamazepine, Cymbalta and Gabapentin, among others. He also suffers from carpal tunnel syndrome, mild asthma and hypertension for which he has been

prescribed Mometasone and an Albuterol inhaler for use in the event of an asthma attack, Lisinopril and Amlodipine to be taken daily for blood pressure control.  Although the CDC lists moderate to severe asthma and "possibly high blood pressure (hypertension)" among the conditions that "can make you more likely to get very sick from COVID-19," there is no evidence that Millhouse has moderate or severe asthma.  www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Rather, all of Millhouse's medical conditions have been and continue to be under control and well-managed by the prison's health unit.

Furthermore, Millhouse's claim to have been "badly sick from August 19, 2021 until 9/8/21" is not borne out by his records.  To the contrary, although Millhouse was required to quarantine from September 22 through October 7, 2021 because his cellmate was COVID-19 positive, there is no evidence Millhouse ever contracted the disease or exhibited any symptoms.  This may well be due to his having been fully vaccinated.  The Court therefore reiterates its earlier finding that Millhouse's health does not present extraordinary and compelling circumstances warranting his release.

Likewise, there is no reason to disturb the Court's earlier conclusion that Millhouse presents a grave and serious danger to the safety of the public in the event of release.  Again, his offenses in this case were extremely violent in nature and his conduct in prison has shown little-to-no change.  He was diagnosed in March 2008 with Antisocial Personality Disorder and included in his disciplinary history is an incident on May 4, 2017 when he held a razor blade to the neck of his court-appointed attorney and demanded sex.  At the time this Court imposed the sentence, it determined a very lengthy sentence was necessary in light of, *inter alia,* Millhouse's extensive criminal history, the nature of the multiple offenses in this case, and his age at the time he committed these crimes (nearly 30 years old), in order to reflect the seriousness of the offenses,

promote respect for the law, provide just punishment, and deter future such criminal conduct, as well as to protect the general public.  Millhouse bears the burden of proof by a preponderance of the evidence on a motion for compassionate release and he has failed to bear that burden here or make any showing of remorse or rehabilitation.  *See, United States v. Grasha*, 489 F. Supp. 3d 403, 406 (W.D. Pa. 2020); *United States v. Adeyemi,* 470 F. Supp. 3d 489, 501 (E.D. Pa. 2020).  The Court therefore finds compassionate release to be wholly unwarranted in this case and Millhouse's motion is properly denied.

      An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,    C.J.