IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-285-1 |
| v. | : | |
| | : | CIVIL ACTION |
| KAREEM MILLHOUSE | : | NO. 16-3060 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                          **April 1, 2024**

Kareem Millhouse moved under 28 U.S.C. § 2255 to vacate, set aside, and correct his convictions and sentences for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Recently, in *United States v. Stoney*, 62 F. 4th 108, 112-13 (3d Cir. 2023), the Third Circuit Court of Appeals decided the remaining issue presented by Millhouse's motion - whether completed Hobbs Act robbery qualifies as a crime of violence after *Johnson v. United States*, 576 U.S. 591 (2016) and *United States v. Davis*, 139 S. Ct. 2319 (2019) - by holding that it does. Accordingly, Millhouse's motion shall be denied.

**CASE HISTORY**

On April 3, 2007, Millhouse was convicted following a jury trial of three counts of bank robbery in violation of 18 U.S.C. § 2113(a), two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d), one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and three counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Specifically, Millhouse was convicted of robbing two banks by himself, robbing a third bank and a wine and spirits store with a co-defendant, and using and carrying a handgun during three of the robberies, all of which were committed between March and May 2006 in Philadelphia. He was

1

sentenced on December 3, 2007 to a total term of 894 months: 210 months on the bank robbery, armed robbery, and Hobbs Act robbery, to be followed by mandatory consecutive terms of 84 months, 300 months, and 300 months, respectively, on each of the § 924(c) counts. Millhouse appealed, but his judgment and sentence were affirmed on October 23, 2009.

Millhouse filed the instant, counseled motion under § 2255 on June 15, 2016 following the Supreme Court's decision in *Johnson*. In the *Johnson* decision, the Supreme Court invalidated the "residual clause" in the definition of "violent felony" set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague, and held that imposing an increased sentence under the clause violated due process. *See Johnson*, 576 U.S. at 597, 606. In this motion, Millhouse contends *Johnson* applies with equal force to the definition of crime of violence in the similarly-worded residual clause in § 924(c)(3)(B), and that his § 924(c) convictions and the enhanced sentences he received for those convictions – armed bank robbery and Hobbs Act robbery – no longer qualify as crimes of violence. Because the issues raised by Millhouse were the subject of ongoing proceedings before the appellate courts, this motion was stayed under a court-wide Administrative Order. As both armed bank robbery and Hobbs Act robbery have now been found to be crimes of violence within the meaning of the "elements clause" of § 924(c)(3)(A), the Court issued an Order lifting the stay on November 1, 2023, and Millhouse's motion is ripe for determination.

**LEGAL STANDARDS**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted). In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Because it is clear from the record of this case that Millhouse is not entitled to any relief, an evidentiary hearing is not necessary.

**DISCUSSION**

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 139 S. Ct. at 2324. A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

In *Davis*, the Supreme Court, following the rationale it employed in *Johnson* to invalidate the residual clause in the ACCA and in *Sessions v. Dimaya*, 584 U.S. 148 (2018) to invalidate the similarly-worded residual clause of 18 U.S.C. § 16,[1] found § 924(c)(3)(B) to be unconstitutionally

---

[1] 18 U.S.C. § 16 defines "Crime of Violence" for purposes of many federal statutes to mean:

3

vague. *Davis*, 139 S. Ct. at 2325-26, 2336. This means that "now, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence." *Stoney*, 62 F.4th at 111.

Millhouse argues that neither of his predicate offenses - armed robbery or completed Hobbs Act robbery - qualifies as a crime of violence under § 924(c)(3)(A). This argument fails. The Third Circuit first found armed bank robbery to be a crime of violence within the meaning of § 924(c)'s elements clause in *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018), and later reaffirmed this holding in *United States v. Jordan*, 88 F. 4th 435, 440, 445-46 (3d Cir. 2023). And, in *Stoney,* the Third Circuit reached the same conclusion with regard to Hobbs Act robbery, holding "a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *Stoney*, 62 F. 4th 114. Millhouse's convictions and sentences under § 924(c) are therefore valid, and he is entitled to no relief under § 2255. Millhouse's motion shall be denied and, because there has been no showing and there is no basis to believe reasonable jurists would find the Court's decision debatable or wrong, no certificate of appealability shall issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

---

(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

BY THE COURT:


/s/  Juan R. Sánchez
_____
Juan R. Sánchez,            J.